```
                IN THE UNITED STATES BANKRUPTCY COURT

                FOR THE SOUTHERN DISTRICT OF TEXAS

                         GALVESTON DIVISION

                                    )
IN RE                               )
                                    )
JOHN Q. VANDERBURG,                 )   CASE NO. 05-81502-G3-7
                                    )
         Debtor,                    )
                                    )
```

MEMORANDUM OPINION

        The court has considered the Joint Motion to Transfer Venue of Vanderburg Investments, Inc. and SASE Military, Ltd. To the Southern District of Texas (Galveston Division) Pursuant to Federal Rule of Bankruptcy Procedure 1014(b) and 28 U.S.C. § 1412 (Docket No. 31) filed by Robbye R. Waldron, the Chapter 7 Trustee for the John Q. Vanderburg bankruptcy estate, ("Waldron") and General Electric Capital Business Asset Funding Corp. ("GE"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered transferring the instant case to the United States Bankruptcy Court for the Western District of Texas.

Findings of Fact

        John Q. Vanderburg ("Vanderburg") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division, on May 26, 2005. On May 27, 2005, Vanderburg Investments, Inc. ("VI") and SASE Military, Ltd. ("SASE") filed

voluntary petitions under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas.

Vanderburg owns 100 percent of the stock of VI. Vanderburg is a general partner of SASE and owns 49 percent of SASE's membership interests. VI is a general partner of SASE and owns 51 percent of SASE's membership interests. The court finds that Vanderburg, VI, and SASE are all affiliates of one another.

In the instant motion, Waldron and GE seek transfer of the VI and SASE cases to the United States Bankruptcy Court for the Southern District of Texas, Galveston Division, pursuant to Bankruptcy Rule 1014(b).

The schedules in the three cases indicate that each of Vanderburg, VI, and SASE was a defendant in a suit brought by GE in the 45th Judicial District Court of Bexar County, Texas, and related collection proceedings initiated in the United States District Court for the Western District of Texas. The schedules in each case reflect a debt (listed as disputed) owing to GE by the three debtors, jointly and severally, in the amount of $9,981,158.63, an amount which represents nearly all the debt of both VI and SASE, and which represents approximately 85 percent of Vanderburg's scheduled debt. The schedules in the three cases also indicate that each of Vanderburg, VI, and SASE believes it has, as assets, causes of action against GE.

<u>Conclusions of Law</u>

Bankruptcy Rule 1014(b) provides in pertinent part:

> (b) If petitions commencing cases under the Code are filed in different districts by...a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed.

Bankruptcy Rule 1014(b).

In a venue motion under Bankruptcy Rule 1014(b) in which two or more cases are involved, the court must consider whether the intertwined relationship of the debtors requires that the cases proceed in the same district. <u>In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey</u>, 149 B.R. 365 (Bankr. S.D.N.Y. 1993).

The petition in the instant case was the first filed of the three petitions. Thus venue is proper for this court to determine the district or districts in which the case or cases should proceed.

The instant cases should proceed in the Western District of Texas, in light of the pending litigation between the debtors and the creditor representing nearly all the claims against the debtors, and the purported joint and several nature of the liability with respect to those claims. In particular, should there be an appeal of any ruling by the Bankruptcy Court

with respect to the large underlying claim, the District Court in the Western District of Texas, in which the underlying litigation is pending, is best situated to avoid an inconsistent result. Accordingly, a separate Judgment will be entered transferring the above captioned case to the United States Bankruptcy Court for the Western District of Texas, and directing that the three cases proceed in that district.

      Signed at Houston, Texas on August 23, 2005.

/s/ Letitia Z. Clark

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

4